UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WALTER J. BERIONT<br><br>Plaintiff,<br><br>v.<br><br>GTE LABORATORIES, INCORPORATED,<br>GTE SERVICE CORPORATION,<br>GTE COMMUNICATIONS CORPORATION<br>and ALFRED H. BELLOWS<br>Defendants | CIVIL ACTION<br>NO.<br><br>00 CV 11145 MEL |

## COMPLAINT

### PARTIES AND JURISDICTION

1) The Plaintiff, Walter J. Beriont ("Beriont") is a resident of Lexington, County of Middlesex, Massachusetts.

2) The Defendant, GTE Laboratories Incorporated ("GTE Labs") is a corporation having a principal place of business at 40 Sylvan Road, Waltham, Massachusetts.

3) The Defendant, GTE Service Corporation ("Service Corp") is a corporation having a principal place of business at 600 Hidden Ridge, Irving, Texas and a place of business at 40 Sylvan Road, Waltham, Massachusetts.

4) The Defendant, GTE Communications Corporation ("Media Ventures") is a corporation having a principal place of business at 6665 North MacArthur Blvd, Irving, Texas.

1

5) The Defendant, Alfred H. Bellows ("Bellows") is a resident of Wayland, County of Middlesex, Massachusetts.

6) Jurisdiction is proper in this Court under 35 U.S.C. § 256 and § 281, as this is an action arising under the patent laws of the United States.

7) Venue is proper in this Court under 28 U.S.C. § 1391(a), because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## FACTS

8) On or about February 1996, Beriont completely conceived of a simple invention that improves the low frequency power distribution in a state-of-the-art cable television network. Beriont disclosed and clearly defined an implementation of his invention to Bellows. Bellows, using ordinary skills, constructed, evaluated and tested Beriont's invention.

9) On or about August 1996 Beriont and Bellows disclosed the invention to Service Corp with the intention of patenting the invention. (App. 001.) Neither Beriont nor Bellows had any specialized knowledge regarding patents and in good faith relied on Service Corp to provide legal expertise regarding a patent application.

10) On June 11, 1998 and under the legal guidance of Service Corp, Beriont and Bellows filed U.S. Patent Application Serial No. 09/095,111 ("Application 09/095,111") as co-inventors. (App. 002.) At no time during the preparation and prosecution of the patent application did Service Corp discuss inventorship of the invention with either Beriont or Bellows.

11) On or about August 5, 1998, Service Corp asked Beriont to sign a Declaration and Power of Attorney for Patent Application ("Power of Attorney"). (App. 003-004.)

Service Corp also asked Beriont to sell and assign his invention to GTE Labs. (App. 005.)

12) As a result of the requests, Beriont asked Service Corp about potential conflicts of interest regarding Application 09/095,111 and asked if he should get an independent attorney to represent him. Floyd E. Anderson ("Anderson"), a patent attorney prosecuting the application, said that although the patent attorneys identified in the Power of Attorney were employed by Service Corp, they were obligated to represent the inventors and therefore Beriont would not need another lawyer.

13) On or about August 28, 1998, Beriont executed the Power of Attorney. On or about September 3, 1998, Beriont notified Anderson that he was not willing to sell and assign his invention to GTE Labs.

14) On or about February 19, 1999, Leonard C. Suchyta ("Suchyta"), another patent attorney employed by Service Corp, filed an assignment application with the PTO on behalf of GTE Labs. Suchyta filed the assignment application without notifying Beriont. On July 6, 1999, the U.S. Patent and Trademark Office (PTO) granted Application 09/095,111 and issued U.S. Patent #05,920,802 to Beriont and Bellows, as co-inventors, and GTE Labs as an assignee. (App. 006 and 007.)

15) On November 3, 1999 and March 6, 2000, Beriont wrote to Service Corp for information regarding U.S. Patent #05,920,802 and its assignment to GTE Labs. Service Corp has not responded to either inquiry. On May 3, 2000, Beriont notified Service Corp that he was rescinding the Power of Attorney that he executed on August 28, 1998. (App. 008.)

16) GTE Labs has manufactured, sold, continues to sell or offers to sell the invention described in U.S. Patent #05,920,802 for good and valuable consideration. (App. 009.) Media Ventures has used and continues to use the invention described in U.S. Patent #05,920,802 in networks it deploys in Florida and California.

## COUNT I

### (Declaratory Judgement: Inventorship of U.S. Patent #05,920,802)

17) Beriont repeats, re-alleges and incorporates by reference the allegations of paragraphs 1 through 16 above.

18) Beriont fully conceived of the invention described in U.S. Patent #05,920,802 and disclosed and clearly defined an implementation of his invention to Bellows. Subsequently, using ordinary skills, Bellows constructed, evaluated and tested Beriont's invention.

19) Neither Beriont nor Bellows had any specialized knowledge regarding patents and relied on Service Corp's legal expertise to file Application 09/095,111.

20) On information and belief, Service Corp did not conduct a good faith effort to determine if Bellows was a co-inventor of the system or method described in Application 09/095,111. As a result of negligence by Service Corp, Bellows was inadvertently named as co-inventor on Application 09/095,111.

21) On July 6, 1999, the PTO granted Application 09/095,111 and issued U.S. Patent #05,920,802. U.S. Patent #05,920,802 wrongly names Bellows as a co-inventor.

22) Testimony and evidence regarding U.S. Patent #05,920,802, the simplicity of the invention and the fact that Bellows used only ordinary skills to construct, evaluate and test this invention, clearly shows that Beriont is the first and sole inventor of U.S.

Patent #05,920,802. Therefore, Beriont is entitled to a declaration that he is the first and sole inventor of U.S. Patent #05,920,802 and any and all patents issuing on the foregoing.

## COUNT II

### (Correction of U.S. Patent/35 U.S.C. § 256)

23) Beriont repeats, re-alleges and incorporates by reference the allegations of paragraphs 1 through 22 above.

24) When Beriont and Bellows filed Application 09/095,111, Bellows was named a co-inventor by "error and without deceptive intent." As a result, U.S. Patent #05,920,802 names Bellows as co-inventor in error. When an improper inventor appears on an issued patent, as in this case, 35 U.S.C. § 256 gives this Court authority to correct the mistake.

25) In addition, U.S. Patent #05,920,802 lists GTE Labs as an assignee. On information and belief, the PTO named GTE Labs an assignee of U.S. Patent #05,920,802 because Service Corp filed an assignment application based solely on the perceived patent rights of Bellows. Since Bellows is not an inventor of U.S. Patent #05,920,802 and Beriont did not assign his invention to GTE Labs, GTE Labs is not a rightful assignee.

26) Congress enacts patent laws "to promote the progress of science and useful arts, by securing for limited times to authors and inventors the exclusive right to their respective writings and discoveries." U.S. Constitution, Article I, section 8. Beriont can not exercise his statutory rights with Bellows incorrectly named as a co-inventor and GTE Labs wrongly named as an assignee of U.S. Patent #05,920,802. Therefore,

5

Beriont is entitled to have U.S. Patent #05,920,802 re-issued, naming him first and sole inventor of an unassigned United States patent.

## COUNT III

### (Breach of Fiduciary Duties)

27) Beriont repeats and incorporates by reference the allegations of paragraphs 1 through 26 above.

28) During the time Service Corp prosecuted Application 09/095,111, it had material conflicts of interest between representing Beriont and representing Bellows and maintaining its business obligations with GTE Labs.

29) Beriont brought these potential conflicts to the attention of Service Corp and suggested that he have an independent attorney represent him. Anderson, a patent attorney and employee of Service Corp, assured Beriont that there was no need for additional attorneys and that Service Corp would adequately represent Beriont. Beriont relied on these assurances to obtain U.S. Patent #05,920,802.

30) On information and belief, Service Corp did not properly represent Beriont with regard to Application 09/095,111. Service Corp did not conduct a good faith effort to determine if Bellows was a true inventor of the system and method described in Application 09/095,111. In addition, Service Corp did not properly represent the interest of Beriont with regard to the assignment of his invention. As a result, Bellows is named in error as a co-inventor and GTE Labs wrongfully named an assignee of U.S. Patent #05,920,802. Therefore Service Corp is liable to Beriont for a breach of its fiduciary duties.

## COUNT IV

### (Infringement/35 U.S.C. § 271)

31) Beriont repeats and incorporates by reference the allegations of paragraphs 1 through 30 above.

32) Beriont is the first and sole inventor of U.S. Patent #05,920,802 and any and all patents issuing on the foregoing. Beriont did not assign these patent rights to GTE Labs or license his invention to Media Ventures.

33) GTE Labs, without authority, manufactures, offers to sell and sells, in the United States, the invention described in U.S. Patent #05,920,802. Also without authority, Media Ventures uses the invention described in U.S. Patent #05,920,802 in video networks it deploys in Florida and California.

34) 35 U.S.C. § 271(a) gives this Court authority to find liable as an infringer, whoever without authority makes, uses, offers to sell, or sells, within the United States, any patented invention during the term of the patent. As such GTE Labs and Media Ventures are liable to Beriont for infringement.

35) GTE Labs, without authority, manufactures, offers to sell, and sells within the United States a material part of the invention described in U.S. Patent #05,920,802. GTE Labs knows the part they offer to sell or sell is a material part of the invention described in U.S. Patent #05,920,802 and that such part is not a staple article or commodity of commerce suitable for substantial noninfringing use.

36) 35 U.S.C. § 271(c) gives this Court authority to find liable as a contributory infringer, whoever offers to sell or sells within the United States a component of a patented system or method, constituting a material part of the invention, knowing the same to

be especially made for use in an infringement of such a patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use. As such, GTE Labs is liable to Beriont for contributory infringement.

### **RELIEF REQUESTED**

WHEREFORE, the Plaintiff, Walter J. Beriont requests this Court grant him the following relief:

1. Under Count I of this complaint, declare that Plaintiff Beriont is the first and sole inventor of the system and method described in U.S. Patent #05,920,802. Declare that Plaintiff Beriont is the sole owner of U.S. Patent #05,920,802, patent applications relating therefrom and foreign patent applications relating thereto, all patents issued therefrom, and that Defendants Alfred H. Bellows and GTE Laboratories Incorporated have no proprietary rights therein.

2. Enter a judgement against the Defendant Alfred H. Bellows and GTE Labs under Count II of this complaint. Correct the inventorship and assignment of U.S. Patent #05,920,802 by an appropriate Court order for the PTO to delete the name of Alfred H. Bellows as co-inventor and GTE Laboratories Incorporated as assignee of U.S. Patent #05,920,802, and re-issue U.S. Patent #05,920,802 with Beriont as the first and sole inventor.

3. Enter a judgement against the Defendant Service Corp under Count III of this complaint.

4. Enter a judgement against the Defendants GTE Labs and Media Ventures under Count IV of this complaint.

5.  Enter a judgement granting the Plaintiff further relief as this Court deems just and reasonable as determined at trial.

### DEMAND FOR JURY TRIAL

The Plaintiff hereby requests a trial by jury on all claims or issues so triable.

*Walter J. Beriont*
Walter J. Beriont
14 Katahdin Drive
Lexington, MA 02173
(781) 674-2868

Dated: June 11, 2000