UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WALTER J. BERIONT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GTE LABORATORIES, INCORPORATED, )<br>GTE SERVICE CORPORATION, )<br>GTE COMMUNICATIONS CORPORATION, )<br>and ALFRED H. BELLOWS )<br>)<br>Defendants. )<br>) | CIVIL ACTION<br>NO. 00-CV-11145 |

**JOINT PROPOSED PRETRIAL SCHEDULE STATEMENT**

Plaintiff Walter J. Beriont ("Plaintiff") and Defendants GTE Laboratories, Incorporated, GTE Service Corporation, GTE Communications Corporation, and Alfred H. Bellows (collectively, "Defendants") (together with Plaintiff, the "Parties") submit the following joint proposed pretrial schedule statement pursuant to the Court's October 25, 2011 Order.[1]

**I.     Plaintiff's Position**

Regrettably, the Plaintiff and Defendants continue to see the facts of this case differently. The Plaintiff seeks to move this case forward through discovery, and believes the Defendants seek to continue to stall the 10 year old case by re-litigating issues that were resolved in State Court. Only four days ago, the Defendants finally filed an answer to the Plaintiff's complaint, while at the same time filing an unexpected motion for summary judgment that attempts to re-litigate issues resolved in State Court.

Given the Defendants' efforts to stall these proceedings and their lack of disclosure, the Plaintiff expects the discovery process to extend beyond 270 days. Since the Plaintiff has only

---

[1] As Mr. Beriont is pro se, Defendants have agreed to e-file this document on his behalf.

received the Defendants' answers to his complaint four days ago, the plaintiff can not provide a definitive schedule for discovery, especially since two of the four defendant's, GTE Services Corporation and GTE Communications Corporation appear to no longer exist. Given these events, the Plaintiff can not reasonable estimate a budget for costs of conducting this litigation and, due to his past experience with the defendants, the Plaintiff does not expect use of alternative dispute resolution programs to yield results.

The Plaintiff does have reasonable concern about the preservation of Defendant controlled documents necessary to this litigation, and proposes that the Defendants identify key persons who currently control information relevant to this litigation. The Plaintiff also proposes that given the name changes in the Defendants that the current names of the defendants be identified and reflected in the proceeding's documents.

## II.     Defendants' Position

Without responding to Plaintiff's hyperbole, Defendants submit that discovery should be done in two phases, as the Court must first determine whether Plaintiff's claims are barred by the doctrines of release and *res judicata* and/or collateral estoppel based on the settlement agreement entered in state court, as Defendants argue in their pending Motion for Summary Judgment,[2] and second, if that issue is resolved in favor of Plaintiff, and only then, the parties will need to litigate the underlying substantive issues.  There is no need to engage in discovery on the second issue, which will be costly and time-consuming, until the first issue is resolved.  As such, Defendants propose the following discovery schedule:

---

[2]  The Motion for Summary Judgment was not, as Plaintiff states, "unexpected."  Counsel for Defendants told Plaintiff that it planned to file the Motion and attempted in good faith to narrow the issues, as set forth in the Local Rule 7.1 Certificate appended to the Motion.

- Discovery should be stayed temporarily pending a ruling on Defendants' pending Motion for Summary Judgment.

- If that Motion is denied, discovery should be opened for 60 days for the limited purpose of taking depositions on the issue of whether the settlement agreement in the state court action bars Plaintiff's claims here, to be followed by a short evidentiary hearing on that issue.  Defendants' believe that depositions of Mr. Beriont, Arthur Telegen, Margaret Wueste Lesesne, and Ronald Brandt are all that would be required for this phase of discovery, and that any evidentiary hearing would require only their testimony and limited documents.

- If that issue is ultimately resolved in favor of Plaintiff, the Court should hold a status conference and assess the scope and timing of further discovery on the substantive issues.

Respectfully submitted,

| | |
|---|---|
| WALTER J. BERIONT, | GTE LABORATORIES, INCORPORATED, GTE SERVICE CORPORATION, GTE COMMUNICATIONS CORPORATION, ALFRED E. BELLOWS, |
| *Pro se*, | |
| /s/ Walter J. Beriont | By their attorneys, |
| Walter J. Beriont | |
| 30 Durant Avenue | |
| Maynard, Massachusetts 001754 | /s/ Erik W. Weibust |
| (978) 461-2164 | Arthur G. Telegen  (BBO # 494140) |
| | atelegen@seyfarth.com |
| | Erik W. Weibust (BBO # 663270) |
| | eweibust@seyfarth.com |
| | Seyfarth Shaw LLP |
| | World Trade Center East |
| | Two Seaport Lane, Suite 300 |
| | Boston, Massachusetts 02210-2028 |
| | Telephone:  (617) 946-4800 |

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by first class mail, postage prepaid, to those indicated as non-registered participants on November 23, 2011.

/s/ Erik W. Weibust
Erik W. Weibust